DARRYL L. THOMPSON, P.C.
841 I Street
Anchorage, Alaska 99501
(907) 272-9322

Attorney for Debra Vonhof

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

John Vonhof, individually )
and as administrator of the )
of the Estate of Debra )
Vonhof and on behalf of )
Shelby Vonhof, a minor child, )
                                     )
    Plaintiff, )
                                     )
    vs. )
                                     )
UNITED STATES OF AMERICA, )
                                    )
    Defendant. )
_____ ) **Case No. 3:08-CV-00210-RRB**

### AMENDED AND SUPPLEMENTAL COMPLAINT

        COMES NOW, John Vonhof, by and through the LAW OFFICE OF DARRYL L. THOMPSON, P.C., who for the amended and supplemental complaint against the defendant complains and alleges:

        1.    Debra Vonhof was an Alaska Native who was receiving medical care from the Alaska Native Medical Center in Anchorage, Alaska. At all times relevant to this complaint Debra was a resident of the State of Alaska, Third Judicial District.

        2.    Alaska Native Tribal Health Consortium d/b/a Alaska Native Medical Center is a consortium of Alaska Tribal health organizations organized pursuant to §325 of Pu. L. 105-83 and

1

they operated Alaska Native Medical Center (Hereinafter ANMC at the time of the incidents described herein. ANMC carries out federal health care programs for Alaska Natives and American Indians, authorized by the Indian Health Care Improvement Act, 25 U.S.C. §16161, Section 121 of Pub. L. 94-437, as amended and Title V of the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §450 et seq., Pub. L. 93-638 as amended.

3. The United States of America, Department of Health and Human Services administers or overseas the programs and services of ANMC.

4. Debra Vonhof filed an Administrative Tort Claim under the Federal Tort Claims Act and the administrative claim was denied on March 31, 2008. Debra timely filed a complaint in this Court under the Federal Tort Claims Act. 28 U.S.C. § 2671 et seq. Debra Vonhof died on November 19, 2008 after the filing of the original complaint.

5. John Vonhof has been duly appointed as the administrator of the Estate of Debra Vonhof and in light of Debra's death, he filed an administrative claim under the Federal Tort Claims Act for wrongful death and related damages. That claim was denied on March 30th, 2009 and John Vonhof brings this action via an amended and supplemental complaint under the Federal Tort Claims Act.

6. The United States through ANMC was responsible for providing medical treatment to Debra Vonhof, and ANMC failed to

2

conduct appropriate lab tests and other diagnostic procedures that are standard practice and as a direct result of that failure, Debra Vonhof suffered serious physical injury and serious emotional upset. These injuries eventually led to the death of Debra Vonhof.

7. In the year prior to mid-October 2001, Debra Vonhof made numerous complaints about feeling ill and having respiratory problems. Simple blood tests and other standard diagnostic procedures could have been ordered by ANMC, but they were not. Instead, ANMC prescribed antibiotics and inhalers to remedy Debra Vonhof's problem, which treatment may have exasperated her medical condition.

8. In mid-October 2001, Debra Vonhof presented again to ANMC and was finally seen by a specialist, who ordered blood tests and other diagnostic procedures and diagnosed her as having congestive heart failure.

9. Debra Vonhof was taken to Alaska Regional Hospital and diagnosed with kidney failure and she was subsequently diagnosed as having acute kidney failure in need of a kidney transplant. In late 2008, Debra Vonhof underwent a kidney transplant, but that transplant was rejected and she subsequently died from acute kidney failure.

## COUNT I

10. All preceding paragraphs of this complaint are incorporated into this first cause of action and plaintiff further complains and alleges:

11. When Debra Vonhof presented to ANMC for medical treatment, ANMC failed to exercise the degree of skill and care normally exercised by medical professionals. ANMC failed to perform proper diagnostic testing.

12. As a direct a proximate result of ANMC's failure to exercise the degree of skill and care normally exercised by competent medical personnel and as a direct and proximate result of ANMC's failure to perform standard diagnostic testing, Debra Vonhof suffered injuries that would otherwise not have occurred, which injuries caused her death, and which caused Debra Vonhof to suffer severe emotional distress, and severe pain and suffering. The Estate of Debra Vonhof is entitled to both economic and non-economic damages in an amount in excess of $1,000,000 [One Million Dollars] the exact amount of which will be proven at the time of trial.

## COUNT II

13. All preceding paragraphs of this complaint are hereby restated and incorporated into this second claim for damages as if fully set forth, and plaintiff additionally complains as follows:

4

14. John Vonhof watched the slow deterioration of Debra as a result of ANMC's negligence, and he experienced emotional upset with each additional medical procedure to which Debra was subjected as a result of ANMC's negligence.

15. That as a proximate result of ANMC's failure to exercise the degree of skill and care normally exercised by competent medical professionals, John Vonhof has suffered injuries in the form of the loss of the care, comfort and society, loss of the quality of life and extreme emotional distress and upset that would otherwise not have occurred.

16. John Vonhof is entitled to an award of damages in excess of $500,000 [Five-Hundred Thousand Dollars] with the exact amount to be proven at the time of trial.

## COUNT III

17. All preceding paragraphs of this complaint are hereby restated and incorporated into this third claim for damages as if fully set forth, and plaintiff additionally complains as follows:

18. Shelby Vonhof watched the slow deterioration of her mother, Debra Vonhof as a result of ANMC's negligence, and she experienced emotional upset with each additional medical procedure to which her mother was subjected as a result of ANMC's negligence.

19. That as a proximate result of ANMC's failure to exercise the degree of skill and care normally exercised by

5

competent medical professionals, Shelby Vonhof has suffered injuries in the form of the loss of the care, comfort and society, loss of the quality of life and extreme emotional distress and upset that would otherwise not have occurred.

20. Shelby Vonhof is entitled to an award of damages in excess of $500,000 [Five-Hundred Thousand Dollars] with the exact amount to be proven at the time of trial.

WHEREFORE, plaintiff prays for the following relief:

1. An award of damages on behalf of the Estate of Debra Vonhof, including an amount for past medical expenses, pain and suffering, mental suffering, and for the wrongful death of Debra Vonhof.

2. An award of damages to John Vonhof for the emotional distress and upset and for the loss of society and companionship caused by the wrongful death of his wife, Debra Vonhof.

3. An award of damages to Shelby Vonhof for the emotional distress and upset and for the loss of society and companionship caused by the wrongful death of her mother, Debra Vonhof.

4. An award of attorney fees and costs incurred in the prosecution of this matter.

5. Such other relief, whether, legal or equitable, and whether similar or different than the relief specifically prayed for herein, and to which Debra's Estate and John or Shelby are otherwise entitled.

DATED, this 10 day of April 2009.

>DARRYL L. THOMPSON, P.C.
>841 I Street
>Anchorage, Alaska 99501
>(907) 272-9322
>
>By: /s
>    Darryl Thompson
>    ABA No. 8706055

7

Case 3:08-cv-00210-RRB   Document 17   Filed 05/11/09   Page 7 of 7